UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                               Criminal No. 17-CR-20191-03

vs.                                                                    HON. BERNARD A. FRIEDMAN

ROLANDO GUERRERO,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO SET ASIDE HIS CONVICTION AND/OR RECONSIDER HIS
MOTION TO WITHDRAW HIS GUILTY PLEA**

This matter is presently before the Court on defendant's pro se "motion to set aside conviction[]and[/]or motion to reconsider motion to withdraw plea." (ECF No. 581). The government has responded to the motion. (ECF No. 582). Defendant has not replied and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing.

On December 19, 2017, defendant was charged in a sixteen-count first superseding indictment alongside thirteen co-defendants. The charges against defendant were as follows: (1) Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances; (2) Distribution of Controlled Substances to Person Under Age Twenty-One; (3) Use of Person Under Eighteen Years of Age in Drug Operations; (4) Distribution of Controlled Substances to a Pregnant Individual; (5) Sex Trafficking of Children; and (6) Sex Trafficking by Force, Fraud, or Coercion. (ECF No. 155).

On October 30, 2019, defendant pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count One of a superseding information, which charged him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e). (ECF No. 422). The following

factual basis for defendant's guilty plea is provided in the Rule 11 Plea Agreement:

> Between on or about May 26, 2013 and May 24, 2015 in the Greater Detroit Michigan area and elsewhere, the defendant knowingly employed, used, persuaded, enticed and coerced a minor, specifically a female child ("R.G.") born in 1997, to engaged in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and those visual depictions were produced using cellular telephones that were manufactured outside the state of Michigan and were transported across state lines of in [sic] foreign commerce by any means. The resulting images constitute child pornography.

(*Id*., PageID.1550-51, ¶ C).

On March 18, 2022, defendant filed a motion to withdraw his guilty plea, arguing that his prior counsel provided him with limited information, made false promises, and used scare tactics in order to convince defendant to enter the plea agreement in this case. (ECF No. 558, PageID.2227-28). He further argued that his mental health may have been compromised on the date of his plea. (ECF No. 562, PageID.2243-47). Defendant also asserted that the minor victim in this case had recently changed her statement regarding her age when the at-issue photos were taken, thereby potentially rendering defendant actually innocent of the crime to which he pled. (ECF No. 558, PageID.2222-23).

On August 23, 2022, the Court held a hearing in this matter on defendant's motion to withdraw his guilty plea. At that hearing the Court heard oral argument from both sides and allowed testimony from defendant. In denying that motion, the Court stated:

> I've reread the plea agreement during the plea hearing. It was very, very, very, very clear that you were doing it freely [and] voluntarily. And, in fact, [you were] ask[ed] . . . all those questions: anybody promise you anything, show you anything. And you've had at least three attorneys I know of, and all of them, very, very competent. And so, therefore, we are going to proceed.

(ECF No. 583, PageID.2427-28). The Court added that allowing defendant to withdraw his guilty plea at this time would "not [be] fair to society or to the victim in this case." (*Id*., PageID.2428).

On September 5, 2022, defendant, through counsel, filed a notice of appeal. (ECF No. 579). On September 15, 2022, defendant filed the instant pro se motion asking the Court to reconsider its denial of his recent motion to withdraw his guilty plea. (ECF No. 581). In that motion, defendant re-raises the arguments included in his initial motion to withdraw his guilty plea and contends that the Court entered its decision in "haste." (*Id*., PageID.399). The Court shall deny defendant's motion for the following reasons.

First, the Court does not possess jurisdiction to hear the instant motion. In *United States v. Holloway*, 740 F.3d 1373, 1382 (6th Cir. 1984), the Sixth Circuit explained:

> It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal. . . . [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

(internal quotation marks and footnote omitted, quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). "The district court does retain limited jurisdiction to take actions in aid of the appeal. But that class of actions is narrowly defined, and does not include actions that alter the case on appeal." *United States v. Carmen*, 933 F.3d 614, 617 (6th Cir. 2019) (internal quotation marks and citations omitted). Permissible post-appeal actions include "remedial orders not affecting the merits of the appeal, such as orders granting bail to

a successful habeas petitioner," or proceeding "with a case when the notice of appeal is from a patently non-appealable order." *Holloway*, 740 F.3d at 1382.

In the present case, the Court concludes that the narrow exceptions to post-appeal jurisdictional divestment do not apply. The instant motion does not request a remedial order, nor does defendant's notice of appeal address "a patently non-appealable order." Rather, defendant's September 5, 2022, notice seeks to appeal the Court's judgment in this case. (ECF No. 579). The judgment included both his conviction and sentence. (ECF No. 576). "Upon filing of [his] notice of appeal, therefore, adjudicatory authority over 'those aspects' of [defendant's] case –*i.e.* [his] conviction and sentence–passed to [the court of appeals]." *Carmen*, 933 F.3d at 617. Under the circumstances, addressing defendant's motion to set aside his conviction and/or reconsider his request to withdraw his plea would impermissibly alter the case on appeal. The Court has therefore been divested of jurisdiction to address the instant motion.

The Court notes that although defendant's motion was filed on September 15, 2022, ten days after the filing of the notice of appeal, it appears to have been written, if not sent, on September 1, 2022, four days prior to the filing of the notice of appeal. (ECF No. 581, PageID.2401). Regardless, defendant's motion is improper and lacks merit. Defendant, who is presently represented by counsel, chose to file the instant motion pro se. The Sixth Circuit has stated:

> Sixth Circuit caselaw is clear that a criminal defendant does not have a constitutional right to "hybrid representation." *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir.1987). A defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both. *Id*. at 97 (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45

4

> L.Ed.2d 562 (1975)). The Sixth Circuit explained: "The right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Id*. at 97-98 (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)) (internal quotation marks omitted). Hybrid representation is generally prohibited because it increases the risk of undue delay [and] . . . confusion . . . .

*Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (emphasis in original). The hybrid nature of defendant's motion further justifies its denial. *See United States v. Marin*, No. 1:21-CR-20406, 2022 WL 1085678, at *1 (E.D. Mich. Apr. 11, 2022) (denying a defendant's motion because it was filed in a hybrid manner).

Finally, the instant motion lacks merit. Local Rule 7.1(h)(2)[1] of the Eastern District of Michigan provides in relevant part:

> Motions for reconsideration of non-final orders are disfavored. They . . . may be brought only upon the following grounds:
>
> > (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> >
> > (B) An intervening change in controlling law warrants a different outcome; or
> >
> > (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018). *See also Sault Ste. Marie Tribe of*

---

[1] Local Rule 7.1(h)(2) applies to criminal matters pursuant to Local Criminal Rule 12.1(a).

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued."). "Instead, the moving party must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Southfield Educ. Ass'n*, 319 F. Supp. 3d at 902. In the instant motion, defendant has failed to identify a dispositive mistake in the Court's prior opinion and order, an intervening change in controlling law, or a newly discovered fact that warrants a different outcome. Rather, defendant essentially raises the same claims that this Court has already rejected. The Court therefore concludes the defendant has failed to present an adequate basis for the requested relief.

For all of the above reasons,

IT IS ORDERED that defendant's pro se motion to set aside his conviction and/or reconsider his motion to withdraw his guilty plea (ECF No. 581) is denied.

                                                s/Bernard A. Friedman
                                                Hon. Bernard A. Friedman
                                                Senior United States District Judge

Dated: October 5, 2022
       Detroit, Michigan